HON. JOHN T. SNELL Town Attorney, Ellenburg
This is in reply to your letter dated September 14, 1977, wherein you ask for an opinion as to whether a physician may use facilities and equipment free of charge which have been leased or purchased by the town for the purpose of treating patients in the community on a private basis wherein none of the fees charged and received would revert to the town.
The authority for the town to spend town funds to refurbish the building for the purpose of converting it into a medical facility is found in Town Law § 64(19 [b]) which provides in part that the town board:
 "* * * may create, establish, construct, and reconstruct, repair, operate, equip and maintain a suitable building for a town medical and/or dental center or facility that meets the requirements of the public health law and the sanitary code of the State of New York and to acquire by purchase, lease, gift or condemnation necessary lands therefor."
Under the circumstances described herein, the town board would be authorized to pursue one of three separate courses of action. Since you note that there is no other practicing physician in the town, the town board could, under the provisions of Town Law § 64(21), establish the office of town physician, fix the salary and appoint the individual in question to that position. Town Law § 64(21) empowers the town board to "* * * establish the office of town physician in any town in which there is not a practicing physician, fix the salary and appoint a duly qualified and licensed physician upon condition that he shall reside in the town." Alternatively, under Town Law § 64(19 [a]) the town board could "contract with a non-profit institution or agency, wholly or partly under private control, organized to furnish visiting nursing or public health services and agree to pay fees specified in the said contract for such services furnished to inhabitants of the town for which the contracting institution or agency shall not otherwise receive payment." Finally, the town board would have the authority to contract for the services of a physician in accordance with Town Law § 64(19 [d]) which reads in part as follows:
 "Notwithstanding the provisions of any law to the contrary, the town board of any town may contract on an annual basis for the services of a licensed physician, whether or not he resides within such town, to render medical care and treatment to the inhabitants thereof and upon such terms and conditions as the town board may prescribe."
In each of the aforementioned situations, the use of town facilities and equipment would be permissible. Your inquiry, however, does not manifest an intention to pursue any of these courses of action, but rather asks whether a physician may utilize town facilities and equipment free of charge to pursue a private medical practice on the basis that he, as the only physician in the town, will provide services to the town residents. We can find no authority to support such a position. Absent the appointment of the individual as town physician under Town Law §64(21) or the establishment of a contractual relationship as authorized by Town Law § 64(19 [a] or [d]), a private physician cannot, in our opinion, utilize free of charge facilities and equipment leased and purchased with town funds. The mere fact that the physician is providing services to the townspeople does not alter this result.
Accordingly, we conclude that town funds cannot be utilized to lease and equip medical facilities for use free of charge by a private physician who has neither been appointed to the office of town physician nor has contracted with the town board to provide medical or public health services.